**BEALL & BURKHARDT, APC**
WILLIAM C. BEALL, STATE BAR NO. 97100
ERIC W. BURKHARDT, STATE BAR NO. 132812
1114 STATE STREET
LA ARCADA BUILDING, SUITE 200
SANTA BARBARA, CALIFORNIA, 93101
(805) 966-6774

Counsel for GLR, LLC

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# NORTHERN DIVISION

| | |
|---|---|
| In re | Bk. No. 9:24-bk-10606-MB |
| California Asphalt Production, Inc., | Chapter 7 |
| Debtor. | **OPPOSITION TO MOTION FOR ENTRY OF AN ORDER ALLOWING CLAIM, ETC.** |

Date:   December 19, 2024
Time:   11:30 a.m.
Place:  1415 State Street
        Courtroom 202
        Santa Barbara, CA 93101

GLR, LLC ("GLR") objects to the Motion for an order allowing a claim and for related relief as follows:.

CAP Resolution Partners, LLC, an entity that is not a creditor, secured or otherwise, has filed a motion seeking various types of relief. The motion is premature, procedurally inappropriate, and factually deficient. Moreover, it was filed at a time when, intentionally or not, response was nearly impossible to craft within the Court's rules. The matter should either be continued or denied.

The Motion attempts to style itself as a motion to permit credit bidding. Credit bidding is a relatively non-controversial proposition. There are issues here that are more important, such as with

what priority a credit bid could be made, whether a party who does not own a claim can credit bid,

and the amount of the potential credit bid.

### FACTS

The following facts are provided as background.

This case has a number of challenges. The Schedules (Docket 15) show some $218 million in

secured debt and $224 million in total liabilities. There are 11 listed secured creditors, and 70 listed

unsecured creditors. CAP Resolution Partners, LLC is not listed. It filed a claim, the same day as it

filed the instant motion. There are multiple filed UCC-1 statements, in favor of multiple creditors.

Since the primary assets of the Debtor are personal property assets, the UCC-1 order of priority is

crucial. The Motion discusses some issues regarding the relative priority of GLR, LLC, but

completely ignores all the other secured creditors.

The real property is an asphalt manufacturing facility, the personal property is primarily the

plant and equipment. Hazardous waste is clearly an issue, and the State of California obtained a

Judgment (Superior Court Los Angeles 24STCV13774), post bankruptcy, under the police power

exception to the automatic stay, for $2,518,600 (and injunctive relief) in late November.

### REQUEST FOR CONTINUANCE

The motion was filed (possibly cynically) at the end of the afternoon on Wednesday before the

long Thanksgiving weekend. This operated to put GLR, and any other potential objecting creditor, at

a tremendous disadvantage in crafting a response. The Motion was not actually "received" as a

practical matter until Monday December 2. Counsel for GLR was unable to even discuss the motion

with the principal of GLR until December 4, with a response due December 5. For that reason, this

response is essentially an outline of a response. There simply has not been time to craft a complete

response adequately supported.

The Motion includes some 400 pages of allegedly relevant exhibits. GLR has not been given

adequate time to review those exhibits.

In addition, GLR needs discovery with respect to the transactions in dispute. GLR contends that the "Side Letter" and Subordination Agreement are void as they were breached by Guggenheim, and it needs discovery to bolster those arguments. CAP Resolution Partners, LLC was voluntarily exchanging documents with GLR when CAP Resolution Partners, LLC abruptly stopped, stating it refused to deliver documents concerning its purchase of whatever partial interest it holds. GLR has been waiting for the purchase documents which were required to be filed with the Proof of Claim per Rule 3001(e)(1). In the event that the purchase documents were not included with the Proof of Claim, a contested matter or adversary proceeding (see below) would be filed in which GLR could make a document request.

There is no need for the Motion to be heard quickly. The case was filed months ago. There is no offer pending. The concept of credit bidding in a vacuum is meaningless. It is only with respect to an offer to purchase before the Court that it becomes urgent. Even if the Court believed this relief could be sought by contested matter, Rule 9014 requires opposing parties to be given reasonable notice and an opportunity to be heard. That has not been provided.

## THE RELIEF REQUESTED REQUIRES AN ADVERSARY PROCEEDING

As the Court well knows, disputes in the Bankruptcy Court fall into two categories, contested matters, as defined by Rule 9014, and adversary proceedings, as defined by Rule 7001. Here, Rule 7001(b) and (h) specifically describe the relief requested in this putative motion. That Rule states that "The following are adversary proceedings . . . (b) a proceeding to determine the validity, priority or extent of a lien or other interest in property-except a proceeding under Rule 3012 or Rule 4003(d); . . . (h) a proceeding to subordinate an allowed claim or interest-except where subordination is provided in a Chapter 9, 11, 12, or 13 plan".

Rule 4003(d) (lien avoidance) is not relevant. Rule 3012 permits the determination of the amount of an allowed secured claim to be by motion. Amount is relatively unimportant in this case.

Both CAP Resolution Partners, LLC  and GLR have secured claims that probably exceed the value of the assets.  This 3012 does not control this motion.

Here, CAP Resolution Partners, LLC wants it all.  It wants its claim allowed (validity).  It wants the Court to rule that it is in first position (priority).  And it wants the amount of its claim fixed (extent).  Those findings need to be made by adversary proceeding.  In re Kinion, 207 F. 3d 751, 757 (5th Cir. 2000).   When served with process, GLR and the other secured creditors will have an opportunity to respond, to engage in discovery, and the Court can make a ruling based upon the facts and law.

7001(h) is also relevant.  The motion specifically requests that the Court enforce a disputed subordination agreement against GLR.  That requires an adversary proceeding.

## CAP RESOLUTION PARTNERS, LLC IS NOT A CREDITOR

CAP Resolution Partners, LLC is not a creditor.  It does not hold a claim against the debtor.  The Proof of claim includes no evidence of transfer of the claim, in a clear violation of Rule 3001(e)(1).  Nor does it attach the documents that it contends create security.  These failures alone are sufficient to deny the portion of the Motion that inappropriately requests allowance of the Proof of Claim.

From its proof of claim "On May 9, 2024, CAP Resolution acquired 100% of the holdings in the Senior Loan from the Former Lenders, which totaled $43,460,577.65 in principal balance. These holdings represent 73.84% of the total principal balance of the Senior Loan".  This statement is either unintelligible or internally inconsistent. In fact, CAP Resolution Partners, LLC (apparently) purchased a partial interest in a claim against the debtor.  The phrase above, echoed in paragraph 2 of Mr. Moore's declaration, uses the term "100%" in what appears to be an intentionally misleading fashion. CAP Resolution Partners, LLC does not own 100% of any claim against the estate.

CAP Resolution Partners, LLC never shows its purchase agreement, and does not include the assignment with its proof of claim.   Instead it buries the assignment agreements hundreds of pages

into its exhibits to the Motion.  What CAP Resolution Partners, LLC includes is on page 357ff of its

Motion.  A number of the investors in a Credit Agreement from the Debtor to Guggenheim

Corporate Funding, LLC each assigned their investments in the Credit Agreement to CAP Resolution

Partners, LLC.  In an ironic twist, the assignments (possibly the only documents the declarant could

authenticate) are not authenticated.  CAP Resolution Partners, LLC admits it only owns a 73.84%

investment interest in the Credit Agreement.  It has not received an assignment of the Credit

Agreement.  It does not in any way purport to act on behalf of the other 26.16% owners.  The entire

motion is tantamount to a shareholder in a bank attempting to file a motion on behalf of the bank in a

Bankruptcy case.

The party that the Debtor owes, the Creditor, is Guggenheim Corporate Funding, LLC.  See

Motion Exhibit 1, Page 17, Exhibit 2, Page 153, and Exhibit 9, Page 413.  The assignments attached as

Exhibit 7 are not assignments of that debt.  CAP Resolution Partners, LLC has no standing in this

matter.

### UCC-1 ISSUES

CAP Resolution Partners, LLC attaches a UCC-1 as Exhibit 9, page 413.  It is in favor of

Guggenheim Corporate Funding, LLC.  There is no assignment of that UCC-1 or the security

agreement.  It is dated 4/26/2022.  The reason for the recent filing is that Guggenheim Corporate

Funding, LLC failed to renew its UCC-1 and had to refile, putting it lower in priority than a number

of the other personal property security interests.  The Motion does not even allege that there are no

filed UCC-1's or other personal property liens senior in priority.  In fact, there are senior UCC-1's,

including one to GLR, but not only to GLR.  Attached hereto as Exhibit A is a UCC-1 filing by

Corporation Service Company for Amerisource.  CAP Resolution Partners, LLC makes no argument

that Amerisource has been subordinated.  CAP Resolution Partners, LLC knows well of the existence

of this secured debt, and yet it has requested that the Court permit it to credit bid in first position.

**EVIDENCE**

Local Rule 9013-1(c)(3)(B) requires that any motion filed by supported by declarations containing admissible testimony to support factual assertions made, and/or to authenticate exhibits that support the motion.  The Motion contains a single declaration.  Mr. Moore is affiliated with CAP Resolution Partners, LLC.  He has no personal knowledge of most of the documents attached to the motion.  He is not competent to authenticate them.  His declaration mostly consists of quotations from these unauthenticated exhibits.  The motion does not meet the standard of Local Rule 9013-1(c)(3)(B) and should be denied for that reason.

**CONCLUSION**

The Motion is procedurally improper.  It has been filed by a party that does not have a debt owed to it by the Debtor.  It should be denied.

Dated: Dec 5, 2024                          BEALL & BURKHARDT, APC


                                            By: William C. Beall
                                            William C. Beall, Counsel for GLR, LLC

### DECLARATION OF WILLIAM C. BEALL

I, William C. Beall declare and state as follows:

1.     I am an attorney licensed to practice law in the Courts of the State of California, and before this Court. My firm, Beall & Burkhardt, APC, is counsel for GLR, LLC in this case and in this adversary proceeding. I am the attorney at Beall & Burkhardt, APC primarily responsible for representation of GLR, LLC ("GLR") in this case. Each of the matters set forth below is stated of my personal knowledge. If called as a witness I could competently testify to each of the following facts.

2.     In an attempt to determine the relative rights of secured parties, I have been communicating for some time with counsel for CAP Resolution Partners, LLC, both Mr. Golden and Mr. Bouslog.

3.     GLR has responded to all informal requests for documents from CAP Resolution Partners, LLC. In addition, I have provided some documents that do not specifically pertain to GLR because counsel for CAP Resolution Partners, LLC sometimes found my more responsive than counsel for the Debtor.

4.     CAP Resolution Partners, LLC has also produced some documents to me. However, when I requested other documents that are clearly relevant, informal documentation was refused. Specifically, I requested a "Loan Sale Agreement" which was referenced in other documents. Mr. Bouslog responded "We will not be providing other documents at this time."

5.     Since I knew the Loan Sale Agreement was a required addition to the Proof of Claim per Rule 3001, I decided to wait. I still have never seen that agreement.

6.     The instant motion was filed late in the afternoon of Wednesday, November 27, 2024.

7.     By the time it was filed, I was already entertaining family, including my 96 year old father, visiting from the Los Angeles area.

8.     I did not work on Thanksgiving, or on the rest of the long weekend. I did not have an opportunity to even briefly read the 421 page motion until Monday, December 2, 2024.

9.      I did not have an opportunity to discuss the Motion with the principal of my client (who is 15 hours time-shifted) until Wednesday, December 4, 2024.  I still have not had the opportunity to read all the attachments to the Motion.

I declare the foregoing is true under penalty of perjury.

Dated: Dec 5, 2024

William C. Beall

## UCC FINANCING STATEMENT AMENDMENT
FOLLOW INSTRUCTIONS

**A. NAME & PHONE OF CONTACT AT FILER (optional)**

**B. E-MAIL CONTACT AT FILER (optional)**

**C. SE**

Return Acknowledgement to:

Capitol Corporate Services, Inc.
455 Capitol Mall Complex, Ste 217
Sacramento, CA 95814
800.327.4842

CAPITOL
SERVICES

**1876668506**
**09/04/2018 11:44**

**FILED**
CALIFORNIA
SECRETARY OF STATE

SOS

72758350002    UCC 3 FILING

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1a. INITIAL FINANCING STATEMENT FILE NUMBER**
18 - 7533060011

**1b.** ☐ This FINANCING STATEMENT AMENDMENT is to be filed [for record]
(or recorded) in the REAL ESTATE RECORDS
Filer: attach Amendment Addendum (Form UCC3Ad) and provide Debtor's name in item 13

2. ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to the security interest(s) of Secured Party authorizing this Termination Statement

3. ☐ **ASSIGNMENT** (full or partial): Provide name of Assignee in item 7a or 7b, and address of Assignee in item 7c and name of Assignor in item 9
For partial assignment, complete items 7 and 9 and also indicate affected collateral in item 8

4. ☐ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to the security interest(s) of Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law

5. ☑ **PARTY INFORMATION CHANGE:**

Check one of these two boxes:          AND Check one of these three boxes to:
This Change affects ☑ Debtor or ☐ Secured Party of record    ☐ CHANGE name and/or address: Complete item 6a or 6b; and item 7a or 7b and item 7c    ☐ ADD name: Complete item 7a or 7b, and item 7c    ☐ DELETE name: Give record name to be deleted in item 6a or 6b

6. **CURRENT RECORD INFORMATION:** Complete for Party Information Change - provide only one name (6a or 6b)

| 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| GRC, Inc. | | | |
| OR 6b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

7. **CHANGED OR ADDED INFORMATION:** Complete for Assignment or Party Information Change - provide only one name (7a or 7b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name)

| 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| California Asphalt Production, Inc. | | | |
| OR 7b. INDIVIDUAL'S SURNAME | | | |
| INDIVIDUAL'S FIRST PERSONAL NAME | | | |
| INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S) | | | SUFFIX |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 45 Rockefeller Plaza, Suite 2410 | New York | NY | 10111 | USA |

8. ☐ **COLLATERAL CHANGE:** Also check one of these four boxes: ☐ ADD collateral  ☐ DELETE collateral  ☐ RESTATE covered collateral  ☐ ASSIGN collateral
Indicate collateral

9. **NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT:** Provide only one name (9a or 9b) (name of Assignor, if this is an Assignment)
If this is an Amendment authorized by a DEBTOR, check here ☐ and provide name of authorizing Debtor

| 9a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| GLR ,LLC | | | |
| OR 9b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

10. OPTIONAL FILER REFERENCE DATA:

UCC FINANCING STATEMENT AMENDMENT (Form UCC3) (Rev. 04/20/11)    KS-998372-1

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

1114 State Street, Suite 200, Santa Barbara, CA 93101

A true and correct copy of the foregoing document entitled (*specify*):
### OPPOSITION TO MOTION FOR ENTRY OF AN ORDER ALLOWING CLAIM, ETC.

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On _12/5/2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **William C Beall**    will@beallandburkhardt.com, carissa@beallandburkhardt.com
- **Matthew Bouslog**    mbouslog@allenmatkins.com, ncampos@allenmatkins.com
- **Jacquelyn H Choi**    jacquelyn.choi@rimonlaw.com, docketingsupport@rimonlaw.com
- **Jeffrey I Golden**    jgolden@go2.law,
  kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeffreyi.b117954@notify.bestcase.com
- **Eric P Israel**    eisrael@danninggill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com
- **Elizabeth Jones**    elizabeth.jones@doj.ca.gov
- **Sandra McBeth (TR)**    jwalker@mcbethlegal.com, CA65@ecfcbis.com;ecf.alert+McBeth@titlexi.com
- **Reed H Olmstead**    reed@olmstead.law, r41602@notify.bestcase.com
- **Aram Ordubegian**    ordubegian.aram@arentfox.com
- **Jennifer Richardson**    jrichardson@countyofsb.org
- **Catherine Schlomann Robertson**    crobertson@spencerfane.com, laustin@pahl-mccay.com
- **Dara L Silveira**    dsilveira@kbkllp.com, cmitsuoka@kbkllp.com
- **Annie Y Stoops**    annie.stoops@afslaw.com, yvonne.li@afslaw.com;mia.ferguson@afslaw.com
- **United States Trustee (ND)**    ustpregion16.nd.ecf@usdoj.gov
- **Timothy J Yoo**    tjy@lnbyb.com

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)_____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 12/5/2024 | William C. Beall | *(signature)* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                        **F 9013-3.1.PROOF.SERVICE**